OPINION
{¶ 1} Appellee, Julia Ellis, began working for appellant, Meritor Automotive, in June of 1994. On September 23, 1996, appellee underwent an operation for a herniated lumbar disc at L4-5 right. Said operation was performed by appellee's neurosurgeon, Michael Meagher, M.D. This medical condition was not work-related. Following rehabilitation, appellee returned to work in January of 1997.
{¶ 2} On March 3, 1998, appellee suffered a work-related injury to her lower back. Her physician, Richard Donnard, D.O., took appellee off work from March 5, 1998 to March 15, 1998, and prescribed oral steriods. Upon returning to work, appellee continued to experience pain in her lower back and legs. Appellee stopped working for appellant on April 2, 1998.
{¶ 3} On April 15, 1998, appellee went to Dr. Meagher who prescribed a series of epidural steriod injections. Appellee returned to work for appellee on July 20, 1998.
{¶ 4} As a result of her injury on March 3, 1998, appellee filed a workers' compensation claim. Said claim was allowed by the District Hearing Officer on April 28, 1998, but was subsequently denied by the Staff Hearing Officer on June 8, 1998 and the Industrial Commission on July 11, 1998.
{¶ 5} On September 2, 1998, appellee filed a notice of appeal and a complaint with the Court of Common Pleas of Licking County, Ohio. A jury trial commenced on December 13, 1999. The jury found appellee was not entitled to workers' compensation benefits.
{¶ 6} On February 11, 2000, appellee filed a notice of appeal. This court reversed and remanded the matter for new trial. See, Ellisv. Meritor Automotive (January 24, 2001), Licking App. No. 00CA0015.
{¶ 7} The case was retried on July 16, 2001. The jury found appellee was entitled to workers' compensation benefits. The trial court's judgment entry memorializing this verdict was filed on July 17, 2001.
{¶ 8} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 {¶ 9} "I. THE TRIAL COURT ERRED IN GIVING A JURY INSTRUCTION ON THE ISSUE OF WHETHER PLAINTIFF-APPELLEE'S PRE-EXISTING MEDICAL CONDITION WAS AGGRAVATED WHEN THERE WAS NO TESTIMONY RELATED TO AN AGGRAVATION PRESENTED AT TRIAL."
 I
{¶ 10} Appellant claims the trial court erred in giving a jury instruction on "aggravation" of a pre-existing condition because appellee failed to meet her burden to establish an aggravation. We disagree.
{¶ 11} The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993), 90 Ohio App.3d 338. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Jury instructions must be reviewed as a whole. Statev. Coleman (1988), 37 Ohio St.3d 286.
{¶ 12} Appellant complains of the following jury instruction by the trial court (T. at 189):
 {¶ 13} "An employer also assumes the risk of having an employee's pre-existing condition aggravated or made worse, even if relatively slight, by some injury which would not hurt or bother a perfectly healthy person. It is not necessary for the employee to prove that the aggravation is substantial in order to participate in the Workers' Compensation Fund. If you conclude that Ms. Ellis aggravated or made worse a pre-existing condition at the L4-5 level of her back as a direct and proximate result of her work activities with the defendant on March 3, 1998, then she is entitled to participate in the benefits of the Workers' Compensation Act of Ohio."
{¶ 14} Appellant argues there was no evidence in the record of an aggravation of a pre-existing condition. In support of this position, appellant points to the testimony of appellee's own physician, Dr. Meagher. Dr. Meagher opined the March 3, 1998 event caused a new injury based upon the "difference in the way that the disc was reported" by the radiologist between the September 1996 MRI and the March 1998 MRI. Meagher depo. at 22. Dr. Meagher opined appellee suffered "a new disc herniation" which occurred "after her job-related injury." Meagher depo. at 23, 29.
{¶ 15} Appellant also cites to a negligence case wherein the Supreme Court of Ohio found if a matter of contributory negligence "is not supported by the evidence nor raised by the pleadings, a trial court may not charge on that subject." Riley v. Cincinnati
(1976), 46 Ohio St.2d 287, 297.
{¶ 16} In her complaint at paragraph four, we find appellee did raise the claim of an aggravation of a pre-existing condition as follows:
 {¶ 17} "The Plaintiff, on or about March 3, 1998, was injured in the course of and arising out of her employment while stopping a rolling carrier that she was unloading. As a direct and proximate result of the accident or by way of an aggravation of pre-existing condition, she sustained a herniated lumbar disc at L4-5."
{¶ 18} The first prong of Riley has been satisfied even though an aggravation is not an affirmative defense as is contributing negligence. We are therefore left with the review of the testimony of the experts presented at trial.
{¶ 19} Appellant argues its expert, Gerald Steiman, M.D., testified appellee "did not sustain a new and distinct injury as of March 3rd, 1998," nor did she sustain an aggravation of a pre-existing condition. Steiman depo. at 15, 56-57. However, appellant concedes Dr. Steiman characterized the March 3, 1998 event as a "flare-up"of the old disc herniation (Steiman depo. at 17-18):
 {¶ 20} "So to my thinking, there was a problem in March 3rd of `98. Before that she was doing relatively well, but a couple months later she's doing relatively well. Before that she had a disc herniation; she had surgery. After that, she still showed evidence of a disc herniation. And you may ask, well, if she had a disc herniation, then it should be gone, and we see another MRI, that probably means a new herniation. Well, I think she probably had some disc herniation still there. Why? Because she had some minor symptoms still there and the thing flared giving her more pain and then it resolved.
 {¶ 21} "So my thinking when I went through my reasoning is that she had an episode causing a lot more pain, but it resolved nicely. She said she's back to her usual self without pain.
 {¶ 22} "Number two, it was the same spot as the original problem. It wasn't a different area, but it was the identical area. And those were the reasons why I answered the question as I did."
{¶ 23} On cross-examination Dr. Steiman described what he termed as "the flavor" of appellee's back problems (Steiman depo. at 35):
 {¶ 24} "Well, I think what I tried to do is put in a flavor of what Ms. Ellis has, and that is in brief the flavor was low back pain to the right leg with an L4-5 disc herniation, surgery. The flavor that she did well after surgery. There were only a couple visits to Dr. Meagher. She had some ongoing complaints. Then she was employed at Rockwell. She had an event. She once again had low back pain to the right leg. She once again had an MRI. I think that's the flavor of the story of Ms. Ellis."
{¶ 25} Later, Dr. Steiman clarified his opinion vis-a-vis appellee's medical history as follows (Steiman depo. at 50):
 {¶ 26} "Well, I'm not denying that she had back pain. I'm not denying that she had treatment. I'm not denying that she was off work. I'm not denying that she went back to work. We agree with that. What I am saying is the fundamental question is did this event that took place on March 3rd, was it a flare-up, was it an aggravation, or was it a new injury? And in that response I think you can quote from Dr. Meagher where he says, `I think the most logical explanation is that with the injury at work she twisted her back. Since the root is tethered by epidural scarring, the root has been stretched.'"
{¶ 27} Dr. Steiman concluded "the jerking incident of March 3rd resulted in a flare-up of her pre-existing low back condition." Steiman depo. at 50. Dr. Steiman explained the "difference" between a "flare-up" and an "aggravation" as follows (Steiman depo. at 51):
 {¶ 28} "A flare-up means the patient has increasing complaints due to a pre-existing medical problem. That — those increased complaints will often require treatment or time off work or a work restriction. But because there was no new injury or no objective change in a prior event, it's determined to be a flare-up. * * * Then we talk about an aggravation. Medically speaking, an aggravation must have some objective change in the old condition. For example, someone has a herniation disc at the right L4-5 level that is not pinching a nerve and now they have a herniated disc at the right L4-5 level that is pinching a nerve. There is a new objective physical finding which wasn't there before, therefore you determine it's an aggravation of an old pre-existing condition."
{¶ 29} After her surgery, appellee returned to work and only complained of "some cramping or some numbness in her toes on occasions." Meagher depo. at 18. The March 3, 1998 event was described as "[appellee] twisted her back trying to prevent an object from hitting another skid." Meagher depo. at 19. Appellee "immediately developed back pain and several days later developed increasing right-sided leg pain." Meagher depo. at 19-20.
{¶ 30} Given Dr. Steiman's testimony, we find sufficient evidence was presented for the trial court to instruct on "aggravation." We note the verdict form signed by the jurors is a general verdict form wherein the jurors found "the plaintiff, Julia A Ellis, is entitled to receive Workers' Compensation Benefits." We have no way of knowing whether the jurors found an "aggravation" or a "new injury."
{¶ 31} Upon review, we find the trial court did not err in instructing the jury on aggravation.
{¶ 32} Appellee claims "based upon the evidence presented at trial, the trial court should have granted appellee's motion for a directed verdict, and thus, any error created by the trial court's instruction was harmless error." Appellee's Brief at 14. Given our ruling on appellant's assignment of error, we find this claim to be moot.
{¶ 33} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By FARMER, J. GWIN, P.J. and BOGGINS, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.